UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INVICTA S.P.A.,

JUDGE CROTTY

-v-

INVICTA WATCH COMPANY OF
AMERICA, INC.

Defendant.

**09  CV  2479**

Civil Action No. _____

**COMPLAINT**



RECEIVED
MAR 18 2009
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Invicta S.p.A. ("Invicta"), through its undersigned counsel, and for its Complaint, complains and alleges of Invicta Watch Company of America, Inc. ("Defendant"), as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.    This action arises out of Defendant's willful and blatant violation of Invicta's rights in the mark INVICTA (the "Mark"), in violation of the Lanham Act. Invicta has longstanding use of the Mark in connection with clothing and bags in the United States. Defendant, being aware of Invicta's prior use and rights in the mark, has nonetheless commenced the sale of, *inter alia*, clothing and bags, bearing the identical mark "Invicta." The fact that Defendant's goods are also clothing and bags, and the fact they bear the identical mark (the "Infringing Mark"), is likely to confuse consumers into believing that Invicta has expressly or impliedly given its prior approval to Defendant to use the Mark or is the source or sponsor of Defendant's goods.

2.    Invicta's claims include federal trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114(1), and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

PARTIES

3.    Invicta is a foreign corporation, organized and existing under the laws of Italy.

4.    Upon information and belief, Defendant is a Florida corporation doing business nationwide.

JURISDICTION AND VENUE

5.    This action asserts claims under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a)(1)(A).  This Court has federal jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331.

6.    Venue is proper under 28 U.S.C. § 1391(b)-(c) in that the Defendant's infringing goods are being sold in New York.

7.    Upon information and belief, this Court has personal jurisdiction over the Defendant because the Defendant's infringing goods are being sold in New York.

GENERAL ALLEGATIONS

8.    Invicta first used the Mark in U.S. commerce on goods such as gloves, in 1961; clothing, in 1992, and bags in 1962..

9.    The United States Patent and Trademark Office has granted Invicta U.S. Trademark Registrations for the Mark, specifically:

- U.S. Trademark Registration No. 2,151,279 covering clothing;

- U.S. Trademark Registration No. 2,109,407 covering bags;  and

- U.S. Trademark Registration No. 1,031,461 covering luggage.

10.     These registrations are valid and incontestable pursuant to 15 U.S.C. § 1065. Copies of the certificates of registration corresponding to these U.S. Trademark Registrations are attached hereto as Exhibits A, B and C.

11.     Invicta is currently using the Mark in U.S. commerce in connection with clothing and bags, and such use has been in place prior to Defendant's adoption of the Infringing Mark in connection with such goods.

12.     Invicta recently learned that Defendant has been selling bags and clothing, bearing the mark INVICTA ("Infringing Mark"). Defendant also attempted to register the Infringing Mark. Invicta has opposed this application, and the opposition proceeding is currently pending and has been consolidated with Defendant's opposition to a pending Invicta application.

13.     Due to the fact that Defendant's Infringing Mark is identical to Invicta's Mark, the identity of the goods to those sold by Invicta under its Mark, and the similar trade channels through which such goods are being sold, the Infringing Mark is likely to confuse consumers into believing that Defendant has received the permission of Invicta to use its Mark, or that Invicta is the source or sponsor of the goods bearing the Infringing Mark.

## FIRST CAUSE OF ACTION
(Federal Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114(1))

14.     Invicta repeats and realleges the allegations of paragraphs 1 through 13 as though fully set forth herein.

15.     Defendant's sale of the infringing clothing, bags and other goods constitutes use in commerce. Such use infringes Invicta's exclusive rights in its federally-registered trademarks, and is likely to cause confusion, mistake or deception as to the source of the goods.

3

16.     Defendant's infringing use of the Invicta Mark constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

17.     The aforesaid acts have caused, and unless said acts are restrained by the Court, will continue to cause, Invicta to suffer irreparable injury for which Invicta has no adequate remedy at law.

SECOND CAUSE OF ACTION
(Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

18.     Invicta repeats and realleges the allegations of paragraphs 1 through 17 as though fully set forth herein.

19.     The mark INVICTA, as used in connection with retail and wholesale sales of goods described above, is a distinctive mark and has become associated with Invicta and thus exclusively identifies Invicta's business, products, and services.

20.     Through the use of the Infringing Mark, Defendant is knowingly and intentionally misrepresenting and falsely designating to the general public the affiliation, connection, and/or association of the infringing goods with Invicta, and creating a likelihood of confusion by the public.

21.     The aforesaid acts of Defendant constitute false endorsement and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

22.     As a direct and proximate result of the foregoing acts of Defendant, Invicta has been damaged and has suffered and will continue to suffer irreparable injury for which Invicta has no adequate remedy at law.

THIRD CAUSE OF ACTION

(Declaratory Judgment under the Lanham Act, 15 U.S.C. 1119)

23.     Invicta repeats and realleges the allegations of paragraphs 1 through 22 as though fully set forth herein.

24.     This is a claim seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Defendant may not register any designation with the U.S. Patent and Trademark Office ("USPTO") which consists of or incorporates the term INVICTA in relation to goods classified by the USPTO in Class 9 (eyewear), 18 (bags) and 25 (clothing) and services related thereto, and that Plaintiff is entitled to register designations which consist of or incorporate the term INVICTA for goods classified by the USPTO in classes 9 (eyewear), 18 (bags) and 25 (clothing) and services related thereto.

25.     This claim arises from an actual controversy between the parties insofar as Defendant has sought to register the following designations with the USPTO, which have been assigned the U.S. Trademark Application Serial Numbers and cover the goods set forth below and which are collectively referred to as the "Defendant's Pending Applications":

| Mark: | Serial No.: | Goods: |
| --- | --- | --- |
| INVICTA-GEAR | 78932876 | Luggage, namely, backpacks, tote bags, fanny packs, gym bags, and wallets, all distributed in promotion of, and in connection with, the sale of watches |
| | | Clothing, namely, shirts, pants, jackets, caps, footwear, and rainwear, all distributed in promotion of, and in connection with, the sale of watches Sporting goods, namely, footballs and soccer balls, all distributed in promotion of, and in connection with, the sale of watches |



INVICTA RESERVE
AND DEVICE                77031973        Watch bands; Watch boxes; Watch cases; Watch
                                          straps; Watches;

                                          Caps; Footwear; Jackets; Pants; Rainwear; Shirts

26.    Additionally, Invicta has also applied to register the following mark with

the USPTO, which h been assigned the U.S. Trademark Application Serial Number and cover

the goods set forth below and which is referred to as "Invicta's Pending Application":

Mark:              Serial No.:           Goods:

INVICTA            79009560              Eyeglasses, lenses and frames for glasses, cases for
                                         eyeglasses; sunglasses and spectacles, scuba masks
                                         and underwater sport goggles, safety goggles, safety
                                         helmets

                                         Paper and cardboard, stationery, note books, note
                                         pads, school diaries; pens, pencils, marking pens;
                                         cases for pens, pencils and marking pens; pencil
                                         sharpeners, drawing rulers, erasers, personal
                                         organizers, address books, folders

                                         Leather and imitation leather bags, suitcases,
                                         shoulder bags, wallets, coin purses, rucksacks, school
                                         bags, sports bags, waistpacks, umbrellas

                                         Clothing, namely jackets, insulated jackets, down
                                         jackets, rain jackets, fleece jackets, wind jackets,
                                         vests, insulated vests, down vests, fleece vests, wind
                                         vests, pants, short pants, jerseys, shirts, T-shirts,
                                         gloves, mittens, headbands; headgear, namely caps;
                                         footwear, namely sports shoes, boots, sneakers

In addition to goods classified by the USPTO in classes 18 (bags) and 25 (clothing), Invicta's

Pending Application also seeks coverage of, *inter alia*, goods in class 9, including eyewear.

6

Invicta is entitled to register the Mark for these class 9 goods as eyewear is considered a fashion accessory, and therefore a natural brand extension of its longstanding use of the Mark on clothing and bags.

27.    Invicta has opposed registration of Defendant's pending U.S. Trademark Application Serial No. 77031973 and Defendant has opposed Invicta's Pending Application, and these two oppositions are presently pending before the USPTO Trademark Trial and Appeal Board under consolidated Proceeding Number 91181405.  In the consolidated opposition proceeding, Invicta contends that registration of Defendant's U.S. Trademark Application Serial No. 77031973 is likely to cause confusion with the Mark in which Invicta has prior rights. Defendant's U.S. Trademark Application Serial No. 78932876 is currently suspended by the USPTO pending the ultimate disposition of Plaintiff's Pending Application.

28.    For the foregoing reasons, the Court should declare that Defendant has no right to register the marks covered by Defendant's Pending Applications and should direct the USPTO to deny registration to Defendant of the marks covered by Defendant's Pending Applications with respect to classes 9, 18 and 25, and to enter judgment in the opposition in favor of Invicta as against Defendant's U.S. Trademark Application Serial No. 77031973, under 15 U.S.C. § 1119.

29.    Additionally, the Court should declare that Invicta has superior rights in the Mark with respect to classes 9, 18 and 25, and should direct the USPTO to enter judgment in the opposition in favor of Invicta, by dismissing Defendant's opposition to Plaintiff's Pending Application, under 15 U.S.C. §1119.

WHEREFORE, Invicta prays for judgment against Defendant for the following relief:

a. Finding that Defendant has infringed Invicta's U.S. Trademark Registrations and common law trademark rights.

b. Finding that Defendant has engaged in unfair competition under federal law;

d. Finding a substantial likelihood that Defendant will continue to infringe Invicta's Mark if not permanently enjoined from doing so;

e. Issuing a permanent injunction restraining the Defendant from using or registering the mark "INVICTA", alone or in combination with other words or elements, or any similar sounding word or mark, for goods classified by the USPTO in classes 9, 18 and 25 and related services;

f. Issuing a judgment directing the USPTO to find in favor of Invicta with respect to both oppositions pending under consolidated TTAB Proceeding  Number 91181405;

g. Awarding actual damages;

h. Awarding treble damages;

i. Ordering an accounting;

j. Awarding Invicta's costs and attorney's fees; and

k. Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
     March 16, 2009

NORRIS, McLAUGHLIN & MARCUS PA

By: _____

Bruce S. Londa (BL 5178)
Jeanne M. Hamburg (JH 5738)
Karen Bekker (KB 9077)
875 Third Avenue, 18th Floor
New York, New York 10022
Telephone (212) 808-0700
Facsimile (212) 808-0844
Attorneys for Plaintiff, Invicta, S.p.A.

*Exhibit "A"*

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**Reg. No. 2,151,279**

## United States Patent and Trademark Office

Registered Apr. 14, 1998

### TRADEMARK
### PRINCIPAL REGISTER

# *invicta*

INVICTA BRAND S.P.A. (ITALY CORPORA-
TION)
CORSO TARANTO 33
10154 TORINO, ITALY

FOR: SHORTS, BERMUDA SHORTS, CLOTHES, TROUSERS, OVERALLS, TRACK-SUITS, TOP, BODY-SUITS, T-SHIRTS, SHIRTS, POLO-NECK SHIRTS, PLUSH SHIRTS, TRICOT SHIRTS, PILE SHIRTS, WAISTCOATS, SPORTS JACKETS IN DIFFERENT FABRICS, JACKETS IN DIFFERENT FABRICS, CLOAKS, SWIM-SUITS, SCARFS, HATS, GLOVES, CAPS, GAITERS, SPATS, SHOES, PONCHOS, SKI GLOVES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1961; IN COMMERCE 0-0-1961.

OWNER OF U.S. REG. NOS. 1,197,973 AND 1,294,413.

THE ENGLISH TRANSLATION OF THE MARK IS "INVINCIBLE" FROM THE LATIN.

SN 75-089,464, FILED 4-16-1996.

ANDREW LAWRENCE, EXAMINING ATTOR-
NEY

*Exhibit "B"*

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22, and 41

**United States Patent and Trademark Office**

Reg. No. 2,109,407

Registered Oct. 28, 1997

## TRADEMARK
### PRINCIPAL REGISTER

*Invicta*

INVICTA BRAND S.P.A. (ITALY CORPORA-
TION)
CORSO TARANTO 33
TORINO, ITALY 10154 BY CHANGE OF NAME
AND ASSIGNMENT FROM PROPOSTA SRL
(ITALY LIMITED LIABILITY COMPANY)
10154 TORINO, ITALY

FOR: BAGS, NAMELY, HANDBAGS, ATH-
LETIC BAGS, SCHOOL BAGS, TRAVELING
BAGS; RUCKSACKS, WALLETS, LUGGAGE;
POUCHES, NAMELY, DRAWSTRING POUCH-
ES AND FELT POUCHES; CASES, NAMELY,
KEY CASES, PASSPORT CASES, BUSINESS
CARD CASES, BRIEFCASES, DOCUMENT
CASES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND
41).

FIRST USE 12-0-1961; IN COMMERCE
12-0-1961.

OWNER OF U.S. REG. NOS. 1,031,461,
1,294,413, AND 1,805,141.

THE ENGLISH TRANSLATION OF "IN-
VICTA" IS "INVINCIBLE".

SN 74-586,433, FILED 10-17-1994.

SUSANA MIRABALLES TUCCILLO, EXAMIN-
ING ATTORNEY

*Exhibit "C"*

Int. Cl.: 18

Prior U.S. Cl.: 3

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,031,461

Registered Jan. 27, 1976

Renewal Term Begins Jan. 27, 1996

## TRADEMARK
## PRINCIPAL REGISTER

## INVICTA

INVICTA S.R.L. (ITALY CORPORA-
TION)
CORSO TARANTO 33
TORINO, ITALY 10154, BY ASSIGN-
MENT, ASSIGNMENT AND CHANGE
OF NAME FROM YORK LUGGAGE
CORPORATION (NEW JERSEY COR-
PORATION) LAMBERTVILLE, NJ

FOR: LUGGAGE, IN CLASS 18 (U.S.
CL. 3).

FIRST USE 3-22-1962; IN COMMERCE
3-22-1962.

SER. NO. 73-041,663, FILED 1-14-1975.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Mar. 26, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS